**Michael Fuller, OSB No. 09357**
Underdog Law Office
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **GRANT YOAKUM** as personal representative of the estate of Nicholas Rodin<br><br>Plaintiff<br><br>vs<br><br>**CROOK COUNTY**<br><br>Defendant | Case No. 2:23-cv-00001-AB<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING LIMITING INSTRUCTIONS AND VERDICT FORM ON COMPARATIVE FAULT** |

# INTRODUCTION

After considering the parties' supporting and objecting arguments proffered orally at the pretrial conference and in writing through various written submissions filed on the docket, the Court made several rulings regarding defendant's comparative negligence/fault defenses alleging that the decedent, Nicholas Rodin (Mr. Rodin), is at fault in causing his own injuries and death alleging negligence under ORS 31.600 and ORS 31.605.

Specifically, the Court ruled that defendant "may present a comparative fault defense as modified by the Court on the record [that] will be limited to the following allegations" of Mr. Rodin's comparative conduct:

(a) Reporting that he was armed with a firearm and a knife and was a threat to hurt people if not captured when he may not have actually been so armed;

(b) Providing a false name to Deputy Hatcher;

(c) Failing to obey orders to keep his hands where Deputy Hatcher could see them;

(d) Failing to obey orders to get on the ground and instead standing up and aggressively confronting Deputy Hatcher;

(e) Telling Deputy Hatcher that he was going to "shoot" him;

(f) Quickly putting his hand out of view towards his waistband as if he were drawing a firearm;

(g) Repeatedly making statements and gestures towards Deputy Hatcher.

See Doc. 93 at 1–2.

Plaintiff renews all of the estate's previous objections and arguments asserting that even these surviving allegations of Mr. Rodin's comparative are not legally proper or viable and should not be submitted to the jury, mindful of the Court's May 10 email sent to the parties stating that the "Court will of course allow the parties to make any additional objections to the Court's decisions set forth in this email[1], but the parties are advised not to re-hash prior arguments."

The purpose of this briefing is to act in accordance with the Court's statement that it will "[a]ddress briefly any request by the parties for specific, proposed limiting instructions in light of the Court's decisions on admissibility of evidence in either the Court's 5/9/25 Order or in this email. However, if either side seeks a limiting instruction to any evidence addressed in these most recent pretrial rulings, they must have first conferred with opposing counsel[2] before presenting the instruction to the Court."

Based on the relevant legal authorities discussed below, plaintiff respectfully requests that the Court provide a "limiting" instruction and add a question to the verdict form as follows.

---

[1] In that regard, plaintiff submits a very brief section discussing previously unpresented caselaw below.

[2] Undersigned counsel for plaintiff conferred with counsel for defendant by telephone and email on May 11, 2025 and defendant opposes the relief requested in this brief.

1. **Plaintiff's proposed "limiting" instruction and related modifications to the currently proposed verdict form**

As already addressed in detail throughout plaintiff's written pretrial submissions and oral arguments made to the Court, for the purposes of assessing defendant's comparative fault defense, none of Mr. Rodin's comparative/negligence fault that is found to be intentional, wanton, or reckless can be considered. *See Miller v. Agripac Inc.*, 322 Or. App. 202, 224 (2022) ("[T]he group whose collective negligence is to be compared to the plaintiff's negligence for purposes of the defense of comparative fault—<u>does not include people who behaved wantonly or intentionally</u>. Because those people are simply not in the comparison group, they not only cannot rely on the defense of comparative fault themselves, but no one can look to them for apportionment under ORS 31.605." (underline added) (citing *Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or. App. 352 (2005)); *see also Shin*, 199 Or. App. at 379 ("[W]e hold that, when the legislature changed "negligence" to "fault" in the comparative fault statutes in 1975, it intended to extend comparative fault to tortious conduct to which contributory negligence was a valid defense at common law. <u>References to "fault" in ORS 31.600 and related statutes do not encompass intentional conduct to which contributory negligence was not a defense; apportionment of liability between negligent and intentional tortfeasors therefore is not permitted under those statutes</u>." (underline added)).

**SUPPLEMENTAL BRIEFING** – Page 4 of 14

Just last year, in *Kaplan v. Oregon by & through Dep't of Hum. Servs.*, 746 F. Supp. 3d 973, 988 (D. Or. 2024) after reviewing and applying the controlling Oregon precedent in *Shin* and *Miller*, Judge Hernández addressed the plaintiff's arguments that because "the defendants' comparative fault allegations demonstrate reckless conduct," rather than the third-party's negligent conduct, it was inappropriate to submit such allegations to the jury as part of the defendants' comparative negligence/fault defense under ORS 31.600. *Inter alia*, the court found that because there was a genuine dispute of material fact as to whether the third-party's conduct "was reckless or negligent," and "the distinction between gross negligence and reckless or wanton conduct is often difficult to make" that "the jury must make the distinction." *Id.* at 988 (citing *Miller*, 322 Or. App. at 218).

Although the Court has modified defendant's proposed allegations of Mr. Rodin's comparative negligence/fault to remove some of the most blatant and impermissible assertions of Mr. Rodin's intentional and impliedly criminal conduct, there can be no doubt that there are still genuine issues of material fact as whether these acts by Mr. Rodin were "reckless [or wanton] or negligent," and because "the distinction between gross negligence and reckless or wanton conduct is often difficult to make," "the jury must make the distinction." *Kaplan*, 746 F. Supp. at 988; *Miller*, 322 Or. App. at 218.

**SUPPLEMENTAL BRIEFING** – Page 5 of 14

Plaintiff gleans from the parties' (several) conferrals on this topic that defendant believes that the holdings and legal reasoning set forth above—unambiguously limiting a defendant's comparative fault allegations and defense under ORS 31.600 to negligent rather than intentional, wanton, or reckless conduct—somehow does not apply to the alleged comparative negligence/fault of a decedent in a wrongful death complaint. That is demonstrably false.

There simply is no basis for distinguishing Mr. Rodin's alleged comparatively negligent conduct in this case based on his status as a decedent, rather than an alleged third-party tortfeasor, because he is within the class of persons whose conduct can be compared, under the same governing legal principles and with the same limitations established in the relevant, controlling caselaw discussed above.

*See* ORS 31.600(2) "[T]he trier of fact shall compare the <u>fault of the claimant</u> with the fault of any party against whom recovery is sought, the fault of third-party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled." ORS 31.600 (underline added); *Shin*, 199 Or. App. at 375 ("[T]he statute mandates only a comparison of 'fault.'").

Although plaintiff continues to assert all of its objections and arguments[3] that none of defendant's specifications of Mr. Rodin's comparative negligence/fault should be submitted to the jury—even as modified by the Court—plaintiff understands the Court has made its rulings as to the submission of these allegations, but now respectfully requests that the Court (1) specifically instruct the jury that it cannot consider any of Mr. Rodin's conduct that it finds to be intentional, wanton, or reckless and (2) amend the proposed jury verdict form to facilitate this jury determination as to these ultimate questions of fact, akin to the jury determination ordered by Judge Hernández in *Kaplan*.

For the first limiting instructional request above, plaintiff suggests inserting two sentences in the currently proposed UCJI 21.02 comparative negligence/fault instruction as follows (in bold):

No. 33: Comparative Fault/Negligence

The law provides for comparative fault. This means that you are to determine each party's fault, if any.

The plaintiff and the defendant have each alleged that injury or damage was the fault of the other. If you find that both the defendant and the plaintiff were at fault in causing the alleged injury or damage, then you must compare the fault of the plaintiff to the fault of the defendant.

**In considering any fault of the plaintiff, you may not consider any of Mr. Rodin's conduct that you find to be intentional, wanton, or reckless. "Wanton" or "reckless" means an intentional doing or failing to do an act when one knows or has**

---

[3] *See*, *e.g.*, *Box v. Dept. of Or. State Police*, 311 Or. App. 348 (2021); *Son v. Ashland Community Healthcare Services,* 239 Or. App. 495, 508–512 (2010) (reversing and remanding an affirmative defense because it did not relate and contribute to defendant's negligence as alleged and asserted by plaintiff).

**SUPPLEMENTAL BRIEFING** – Page 7 of 14

**reason to know of facts which would lead a reasonable person to realize that their conduct not only creates unreasonable risk of harm to others but also involves a high degree of probability that substantial harm will result.**

In making this comparison, you must determine the percentage of fault of each, not the percentage of damage caused by each. As I will explain when we review the verdict form, you must express the comparison of fault in terms of percentages that total 100 percent.

If the plaintiff's fault is more than 50 percent, then your verdict is for the defendant. On the other hand, if the plaintiff's fault is 50 percent or less, then your verdict is for the plaintiff.

Do not reduce the amount of the plaintiff's damages, if any, as a result of your comparison. I will reduce the amount of your verdict by the percentage of the plaintiff's fault, if any.

*************

The phrasing for the additional limiting instruction comes from the caselaw cited above and, as to the definition for "wanton" and "reckless" specifically, from the instruction that the Appellate Court approved in *Miller* as to recklessness, and doubled for both "wanton" and "reckless" conduct. *See Miller* at 322 Or. App. at 207 (setting forth instruction given by the trial court); *id.* at 220–21 ("It is of no consequence that the instruction was framed as defining "recklessness"—or at least no one made any arguments to the trial court that would have required it to consider using 'wanton' or another term to label the category of conduct that it was defining for the jury."); *id.* at 221 ("As for the accuracy of the instruction that was given, the Supreme Court has already approved a substantively identical instruction as an

**SUPPLEMENTAL BRIEFING** – Page 8 of 14

accurate definition of 'wanton' or 'reckless' conduct, *i.e.*, the third category of tortious conduct. The instruction was approved in *Falls* and reaffirmed in *Gutierrez-Medina*. Defendant's argument that we should adopt a different definition of 'reckless,' adapted from the criminal statutes, conflicts with that case law."); *id.* at 222 ("In sum, the trial court's "recklessness" instruction correctly stated the legal standard for the third category of tortious conduct. It was not erroneous to give that instruction.").

In the alternative, although plaintiff asserts that providing this "limiting" instruction is the best option and the only way to avoid jury confusion and undue prejudice to plaintiff for the reasons outlined in plaintiff's substantial briefing on this issue, the Court could also provide the bolded sentences above in a separate instruction, to follow the currently proposed No. 33: Comparative Fault/Negligence instruction, or (at minimum) instruct the jury on "wanton" and "reckless" conduct as set forth in the second proposed sentence bolded above.

For plaintiff's second request regarding amendments to the currently proposed verdict form, plaintiff proposes adding the following questions to the jury form (in bold):

3. Did Defendant prove by a preponderance of the evidence that Mr. Rodin was at fault in one or more of the ways the Defendant claims?

Yes _____ No_____

*If you answered "yes" to Question 3, go to Question 4.*

**SUPPLEMENTAL BRIEFING** – Page 9 of 14

*If you answered "no" to Question 3, your verdict is for the plaintiff. Do not answer Questions 4. Your presiding juror must sign the verdict form and alert the Courtroom Deputy that you have reached a verdict.*

**4. Only if you answered yes to question 3 above, was *all* of the conduct for which you found Mr. Rodin at fault intentional, wanton, or reckless conduct?**

**If you answered "no" to Question 4, go to Question 5.**

***If you answered "yes" to Question 4, your verdict is for the plaintiff. Do not answer Question 5. Your presiding juror must sign the verdict form and alert the Courtroom Deputy that you have reached a verdict.***

**5.** What is the percentage of each of the parties' fault that caused the damages being asserted by Plaintiff? **You may only compare any fault of plaintiff to any of Mr. Rodin's conduct that you found *not* to be intentional, wanton, or reckless.**

Mr. Rodin _____ %

Defendant _____ %

(The percentages must total 100%)

*If Mr. Rodin's percentage of fault is greater than 50%, your verdict is for the Defendant.*

*Your deliberations are done as to the liability phase. Please have the presiding juror date and sign this form and inform the Courtroom Deputy that you have reached a verdict.*

*************

**SUPPLEMENTAL BRIEFING** – Page 10 of 14

### 2. Additional authority regarding suicide and comparative negligence/fault

After the filing of plaintiff's briefing on May 9, 2025, and in response to the development of the Court's subsequent tentative rulings, plaintiff has located additional relevant authority on the question of allowing contributory negligence in the context of a suicide. While plaintiff understands that the Court has indicated that it is not inclined to reconsider its ruling, plaintiff submits this authority as opposed to placing it on the record orally during trial, for convenience and expediency.

In *Son v. Ashland Community Healthcare Services,* 239 Or. App. 495 (2010), the Oregon Court of Appeals dealt with a similar issue of whether comparative fault is appropriate in a medical malpractice wrongful death case where the defendant alleged contributory negligence based on the decedent causing the need for medical care in the first place. In *Son*, the decedent took a lethal combination of drugs, went to the emergency room, received care, and died. *Id.* at. 498–99. The Court ruled that comparative fault was inappropriate because taking the drugs was what necessitated treatment, and that conduct did not relate and contribute to the negligent treatment. *Id.* at 508–512. Similarly, Mr. Rodin's ongoing provocation of law enforcement (suicide-by-cop) is what necessitated Deputy Hatcher's dispatch and response to Mr. Rodin and similarly does not contribute or relate to defendant's

**SUPPLEMENTAL BRIEFING** – Page 11 of 14

negligent tactical decisions that placed Deputy Hatcher in a position that he felt that he must chose to use lethal force.

Additionally, the Oregon Court of Appeals dealt with a similar issue involving a claim for negligence against a mental health treatment provider and an outpatient suicide. *Gardner v. Oregon Health Sciences University*, 299 Or. App. 280 (2019). While the *Gardner* court ultimately ruled against a per se rule prohibiting comparative fault in outpatient suicide cases, the facts and circumstances of the case are readily distinguishable from the present case. *See id.* at 293 (noting that "each case turns on its uniquely tragic facts"). The most notable distinction between *Gardner* and the present case is that in *Gardner* the decedent took her own life outside of the defendants' presence and with her own gun. *Id.* at 282. The defendants in *Gardner* did not allege that the decedent was negligent by shooting herself. *Id.* Here, there is no mechanism of death without Deputy Hatcher's introduction of a firearm into the situation and pulling the trigger of that firearm. The level of involvement and necessity of defendant's actions to cause Mr. Rodin's death is very factually distinct from the negligent medical treatment alleged in *Gardner*. This is because suicide-by-cop—a situation in which a suicidal individual intentionally or recklessly provokes law enforcement into killing them—is the harm that defendant foresaw and had a duty to prevent. A finding disallowing contributory negligence and

**SUPPLEMENTAL BRIEFING** – Page 12 of 14

comparative fault of a decedent *is* appropriate when the alleged specifications of comparative negligence are the exact provocative behavior that constitute the suicide itself. Additionally, here defendant is alleging that Mr. Rodin's suicidal and provocative behavior itself is the basis of his contributory negligence and comparative fault. While the conduct of Mr. Rodin here to provoke a shooting to facilitate suicide-by-cop is more drawn out than the more "conventional" method of suicide in *Gardner*, these are both intentional and reckless acts brought about to take one's life and similarly should not be considered proper allegations of contributory negligence of a decedent.[4]

May 12, 2025

                                        **RESPECTFULLY FILED,**

                                        s/ Michael Fuller
                                        **Michael Fuller, OSB No. 09357**
                                        **Nate Haberman, OSB No. 225456**
                                        Of Attorneys for Plaintiff
                                        Underdog Law Office
                                        US Bancorp Tower
                                        111 SW 5th Ave., Suite 3150
                                        Portland, Oregon 97204
                                        michael@underdoglawyer.com
                                        Direct 503-222-2000

                                        **Kelly D. Jones, OSB No. 074217**
                                        Of Attorneys for Plaintiff
                                        Law Office of Kelly D. Jones
                                        kellydonovanjones@gmail.com
                                        Direct 503-847-4329

---

[4] Plaintiff has also identified a related case in Oregon's jurisprudence that adopts a similar standard for jails and prisoners as it relates to the inappropriateness of comparative fault in cases of inmate suicide: *Cole v. Multnomah County*, 39 Or. App. 211 (1979) (cited in Doc. 91 at 21–22).

**SUPPLEMENTAL BRIEFING** – Page 13 of 14

# CERTIFICATE OF SERVICE

I certify that I caused this document to be served on all parties via the CM/ECF system.

May 12, 2025

                          **RESPECTFULLY FILED,**

                          s/ Nate Haberman
                          **Nate Haberman, OSB No. 225456**
                          Of Attorneys for Plaintiff
                          Underdog Law Office
                          US Bancorp Tower
                          111 SW 5th Ave., Suite 3150
                          Portland, Oregon 97204
                          nate@underdoglawyer.com
                          Direct 971-430-0211